# CIRCUIT COURT OF BALTIMORE CITY.

Filed October 10, 1898.

MARY A. KIMMELE, ET AL.,
VS.
THE MARYLAND HOME FIRE INSURANCE COMPANY.

*John T. Mason, R.,* for plaintiffs.
*John P. Poe. Hodson & Hodson. C. S. Hayden* and *J. H. Nelms* for defendant.

WICKES, J.—

In my opinion, this is a plain case of mistake, for which the agent of the company defendant is largely responsible.

Kimmele called on Daley, the agent, to take out a policy on his wife's house and barn. The agent examined the property, considered it a proper risk and wrote a policy, naming Kimmele himself as the owner. When Kimmele read the policy he noticed the error and told the agent his wife was the owner, but the agent, thinking that another Kimmele and wife were the joint owners of this particular property, told him he had an insurable interest and that the policy was all right. Kimmele was evidently an ignorant man and relied upon what the agent told him.

The agent states with frankness in his testimony that he was indisposed to write another policy because he had already prepared the one in question and registered it in his books, but he asserts that he intended to insure the property he inspected, intended to issue a just and bona fide policy, and told Kimmele the policy was all right.

Upon this state of facts we are asked to say that there was no contract that can be enforced between these parties, because their minds never came together upon the true owner of the property. It is conceded that if a mistake is established by the proof that the Court is vested with authority to correct it, but it is denied that such a mistake exists in this case.

The case of the National Fire Insurance Company vs. Crane is relied upon as largely controlling this. I have carefully examined it and do not see that it is at all an authority in that direction. Indeed, in the only point of resemblance it rather operates the other way. There the requirement was that other insurance should be endorsed on the policy, and it was not done, although notice had been given to the president of the company. The Court said: "In this case the president of the company dictated the application himself; the prior insurance was made known to him—the parties relied on him * * * he soon after sent the policy and received the premium, his clerk saying it was all right; the only defect, however, being that the company has omitted part of its own duty in not endorsing the former insurance. In such a case we are called upon to say that the party is without remedy; on the contrary, we think it would be a reproach to the jurisprudence of the State if this company were dis-

charged from their contract on any such ground. There is a distinction in cases where the preparation of an instrument belongs to the party to become liable under it—he ought to be dealt with more strictly. Insurance contracts are within this principle, and equity will interpose not only in cases of fraud, but also of mistake, when a policy is drawn up in a form different from the application or anything omitted which it is, the duty of the company to insert or endorse on the instrument." In the case at bar there was no written application—none was required—but it is the established fact that the agent's attention was called to the mistake apparent on the face of the policy and he did not correct it because he was misled by what he supposed to be the title of the husband and wife.

I think it is a case within the remedial power of the Court and that the relief prayed should be granted. It is asserted, it is true, that Kimmele also named the wrong party as holding a mortgage on the premises. Bacon was the true holder of the mortgage and Hamill the trustee who conveyed the property to Mrs. Kimmele. The answer filed by Hamill admits all the facts set out in the bill and consents to such decree as the Court may see proper to make. It is not possible, therefore, that any injury or trouble can arise from this mistake; it is only another instance of Kimmele's stupidity.